IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELLIOT C. MEDLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12–cv–0669–GPM–DGW |
| | ) |
| L. ORMANDY; P. KELLY; J. JARRET, D. SZOKE, M.D.; L. DUNCAN, P.A., and OTHERS NOT NAMED, | ) ) ) |
| | ) |
| Defendant(s). | ) |

## ORDER

**MURPHY, District Judge:**

      *Pro se* Plaintiff Elliot C. Medlin, an inmate at United States Penitentiary Marion ("USP Marion"), has brought this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged deprivations of his Eighth Amendment right to be free from cruel and unusual punishments. Due to a damaged knee ligament, Plaintiff has worn a prescribed knee brace since about 1997. He was sporting the brace in January 2010, when he was arrested on a drug charge. Though the brace had been taken away during his transport to USP Marion (where all Defendants work), it was issued to him in January 2011. But in March of that year, Defendant Ormandy ordered the brace taken away for security reasons. Medlin subsequently informed Defendants Ormandy, Szoke, and Duncan (who issued Plaintiff a cane) that he needed the brace for stability, but they refused to return it. Plaintiff finally filed an administrative complaint, which Defendants Kelly and Jarret denied. A week after that denial, Medlin fell down a staircase and sustained injuries. He attributes the fall (and resulting injuries) to not having his brace, and the absence of his brace to Defendants' deliberate indifference to his serious medical needs.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, and construing them liberally, the Court finds that Medlin has articulated a colorable federal cause of action against Defendants for deliberate indifference to his serious medical needs. **See *Farmer v. Brennan*, 511 U.S. 825 (1994).** Neither the seriousness of his knee problems, the validity of Defendant Ormandy's security concerns, nor the potential culpability of Defendants' mental states can be assessed without the benefit of discovery. **See *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("[W]e must accept these claims as true now; they may in fact be bogus"). But see *Bieber v. Wis. Dep't of Corr.*, 62 F. App'x 714 (7th Cir. 2003); *Tannenbaum v. Arizona*, No. CV 05-1422-PHX-JAT, 2008 U.S. Dist. LEXIS 111250, (D. Ariz., July 17, 2008) (collecting knee brace cases).**

While Medlin, in the caption to his complaint, also includes "others [defendants] not named," the complaint itself contains no references to John Doe individuals who participated in any alleged constitutional deprivations. The Clerk is therefore **DIRECTED** to remove "Unknown Party / Others not named" from the docket.

## DISPOSITION

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants Ormandy, Kelly, Jarrett, Szoke, and Duncan. The Clerk shall issue the completed summons. The United States Marshal SHALL serve Defendants Ormandy, Kelly, Jarrett, Szoke and Duncan pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the

complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs,

notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATE: August 8, 2012**  /s/ *G. Patrick Murphy*
  **G. PATRICK MURPHY**
  United States District Judge